UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRACTAL NETWORKS LLC,

Plaintiff,

-against-

VEEA INC.,

Defendant.

Case No. 1:26-cv-01797 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Fractal Networks LLC ("Plaintiff" or "Fractal") moves pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2) for leave to file a First Amended Complaint. *See* Dkt. 28; Dkt. 29 ("Br."); Dkt. 31 ("Reply"). Defendant Veea Inc. ("Defendant" or "Veea") opposes the motion and requests attorney's fees and costs. *See* Dkt. 30 ("Opp."). For the reasons that follow, Fractal's motion for leave to amend is GRANTED, Veea's request for attorney's fees and costs is DENIED without prejudice, and Veea's pending motion for partial judgment on the pleadings, Dkt. 25, is DENIED as moot.

**BACKGROUND**

Fractal commenced this patent-infringement action on March 4, 2026. Dkt. 1 ("Compl." or the "Complaint"). The Complaint asserts two counts: Count 1 alleges infringement of U.S. Patent No. 10,637,142 (the "'142 Patent"), and Count 2 alleges infringement of U.S. Patent No. 10,694,399 (the "'399 Patent"). *Id.* ¶¶ 11-28; *see id.* ¶ 8.

On June 1, 2026, the Court entered a Civil Case Management Plan and Scheduling Order. *See* Dkt. 24 (the "Scheduling Order"). Among other deadlines, the Scheduling Order set June 29, 2026, as the deadline to file a motion for leave to amend the pleadings or join additional parties. *Id.* at 1.

On June 15, 2026, Veea moved for partial judgment on the pleadings pursuant to Rule 12(c), seeking dismissal with prejudice of Count 2 because the ’399 Patent had expired for failure to pay maintenance fees before this action was commenced. *See* Dkt. 25; Dkt. 25-1 at 9-12. Veea’s motion did not challenge Count 1 or Fractal’s allegations concerning the ’142 Patent.

On June 18, 2026, Fractal — with Veea’s consent — filed a request to extend its deadline “to file the response to [Veea’s] Motion for Partial Judgment on the Pleadings . . . , or otherwise move to file a first amended complaint” from “June 29, 2026, up to and until July 20, 2026,” Dkt. 26 at 1, which the Court granted on June 22, 2026, *see* Dkt. 27.

Fractal subsequently filed the present motion on July 20, 2026. *See* Dkt. 28. The proposed First Amended Complaint eliminates Count 2 and all allegations concerning the ’399 Patent. *See* Dkt. 29-1 (“Proposed FAC”); *see also* Dkt. 29-2 (“FAC Redline”). It also supplements Fractal’s allegations concerning Count 1 and the surviving ’142 Patent, including through an amended claim chart that newly identifies Veea’s VeeaHub STAX system as infringing. *See* Dkt. 29-3 (“Proposed Claim Chart”); *see also* Dkt. 29-4 (“Chart Redline”).

Veea opposes amendment on two grounds. First, it argues that Fractal filed its motion after the June 29 deadline contained in the Scheduling Order and therefore must demonstrate “good cause” under Rule 16(b)(4), which Veea contends Fractal cannot do because the information underlying the proposed amendment was publicly available before Fractal commenced this action. *See* Opp. at 3-7. Second, Veea argues that Fractal should not be permitted to avoid an adjudication with prejudice of Count 2 after Veea incurred fees responding to that claim. *See id.* at 7, 9. Veea therefore asks the Court to deny leave, grant its Rule 12(c) motion, and award attorney’s fees and costs under 35 U.S.C. § 285 and Rule 54(d). *Id.* at 7, 11-12.

## DISCUSSION

### I. Rule 15(a)(2) Governs Fractal's Motion

As a threshold matter, the parties dispute whether Rule 15(a)(2) or Rule 16(b)(4) supplies the governing standard. *See* Br. at 3-4; Opp. at 3-6; Reply at 1-2.

Rule 15(a)(2) provides that, once amendment as of right is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs the Court to "freely give [such] leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] Rule 16(b)(4), by contrast, provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Second Circuit has held that Rule 16(b)'s more demanding good-cause standard "governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Conversely, where the operative scheduling order does not prohibit the requested amendment at the time it is sought, Rule 15(a)(2)'s liberal standard applies. *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). In determining which Rule to apply, courts look to the language of the operative scheduling order, as "litigants are entitled to rely on the meaning suggested by [that] language." *Id.*

Applying that principle here, the Court finds that Fractal's motion is governed by Rule 15. While Veea is correct that the original Scheduling Order set June 29, 2026, as the amendment deadline, *see* Scheduling Order at 1; Opp. at 6, that was not the operative deadline when Fractal filed its motion. In advance of that June 29 deadline, Fractal specifically sought an

[1] Fractal's right to amend once as a matter of course had already expired here because Veea served its answer on May 8, 2026, *see* Dkt. 13, and Fractal did not seek amendment within twenty-one days thereafter. *See* Fed. R. Civ. P. 15(a)(1)(B).

extension of its time either to respond to Veea's Rule 12(c) motion "or otherwise move to file a first amended complaint" through July 20, 2026. Dkt. 26 at 1. Veea consented to that request. *Id.* And the Court granted that request in express terms, ordering that Fractal's deadline to "move to file a first amended complaint [be] extended to July 20, 2026." Dkt. 27 at 1. Veea acknowledges that extension in its opposition brief, *see* Opp. at 3, only to ignore it in making its subsequent arguments.

Notwithstanding Veea's erroneous interpretation of the facts, Fractal filed its motion on July 20, 2026, Dkt. 28, thereby seeking amendment within the deadline that the Court had established in its order. The motion is therefore governed by Rule 15(a)(2).

## II. Leave to Amend Is Warranted Under Rule 15

Under Rule 15(a)(2), leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (advising that Rule 15(a)(2)'s "mandate is to be heeded"). The Supreme Court has identified grounds that may justify denial, including "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," and "futility of amendment." *Foman*, 371 U.S. at 182. The Second Circuit has similarly instructed that "it is within the sound discretion of the district court to . . . deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (omission adopted) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). Veea has not made the showing necessary to deny amendment here.

When a plaintiff proposes an amendment in response to a Rule 12 motion, "the preferred course is to grant leave to amend even if doing so renders moot the [Rule 12] motion . . . , rather than granting the [Rule 12] motion . . . and rendering moot the motion for leave." *Pecou v.*

*Bessemer Tr. Co.*, No. 22-cv-01019 (MKV), 2022 WL 3646210, at *2 (S.D.N.Y. Aug. 24, 2022) (citation omitted); *see, e.g.*, *Johnson-Tucker v. Loyola Sch.*, No. 23-cv-01351 (JGLC), 2024 WL 291222, at *2 (S.D.N.Y. Jan. 25, 2024) (granting leave to amend and denying as moot defendants' motions for judgment on the pleadings); *Finkel v. Structure Tone, LLC*, 782 F. Supp. 3d 130, 145 (S.D.N.Y. 2025) (same); *see also Ortiz v. Wagstaff*, No. 16-cv-00321, 2019 WL 1236336, at *6 (W.D.N.Y. Mar. 18, 2019) (same).

**A. Withdrawal of Count 2**

Fractal's first proposed amendment is the removal of Count 2 and the '399 Patent from this action. Veea contends that Fractal should not be permitted to avoid an adjudication with prejudice on Count 2 by amending its pleading. *See* Opp. at 7. The Court finds that amendment is proper. *See, e.g.*, *Gasden v. U.S.P.S.*, No. 95-cv-00734 (MBM), 1995 WL 758775, at *3 (S.D.N.Y. Dec. 26, 1995) ("To deny plaintiff's motion [for leave to amend] in this case would require him . . . to advance claims he no longer wishes to pursue, with no benefit to plaintiff, his adversary, or the process."); *NatTel LLC v. SAC Cap. Advisors*, No. 04-cv-01061, 2005 WL 2253756, at *6 (D. Conn. Sept. 16, 2005) ("[I]t would not promote judicial economy to decide the merits of claims that plaintiff no longer wishes to pursue."), *aff'd*, 370 F. App'x 132 (2d Cir. 2006) (summary order).

"The Second Circuit has not resolved the issue of whether the proper vehicle for a plaintiff's voluntary dismissal of *some* claims, instead of the entire action, is Rule 15 or Rule 41(a); however, the Circuit has stated that the district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a)." *Thorpe v. City of New York*, No. 19-cv-05995 (CM) (RWL), 2022 WL 3112125, at *1 (S.D.N.Y. Aug. 4, 2022) (citation modified); *see Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) ("[I]t is clear that a district court may permit withdrawal of a claim under Rule 15 subject

to the same standard of review as a withdrawal under Rule 41(a)." (citation omitted)); *G-I Holdings, Inc. v. Baron & Budd*, No. 01-cv-00216 (RWS), 2004 WL 374453, at *1 (S.D.N.Y. Feb. 27, 2004) ("The same considerations are relevant to dropping a claim regardless of wh[ether] [R]ule 41(a) or 15(a) is invoked." (alterations adopted) (citation omitted)). Whether the motion to withdraw a claim is fashioned as a motion to amend under Rule 15 or a voluntary dismissal under Rule 41, the "court has considerable discretion in deciding whether to allow withdrawal of a claim without prejudice." *Wakefield*, 769 F.2d at 114. "In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby." *Id.*

The Second Circuit has identified "[t]wo lines of authority" to guide courts evaluating contested voluntary dismissals without prejudice. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). "Legal prejudice in this context has been defined as the impairment of some legal interest, some legal claim, or some legal argument." *Benitez v. Hitachi Metals Am., Ltd.*, No. 11-cv-06816 (NRB), 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (internal quotation marks and citation omitted). The other line "involves consideration of various factors, known as the *Zagano* factors," which include "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, . . . (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123; *see Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). "The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice." *S.E.C. v.*

*Compania Internacional Financiera S.A.*, No. 11-cv-04904 (JPO), 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012).

Veea does not suggest, nor does the Court find, that Veea will suffer any legal prejudice from Fractal's dismissal of Count 2. The Court accordingly focuses its analysis on the *Zagano* factors and concludes that they weigh in favor of allowing Fractal to withdraw Count 2 without prejudice.

First, Fractal was not dilatory in bringing its motion. "A valid measure of diligence includes whether a plaintiff moved to dismiss [its claim] without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the [claim]." *Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, No. 20-cv-09992 (PAC), 2022 WL 17361942, at *2 (S.D.N.Y. Dec. 1, 2022) (internal quotation marks and citation omitted). Here, Fractal moved to amend its Complaint approximately one month after Veea filed its motion for judgment on the pleadings. Dkt. 25 (motion for judgment on the pleadings filed on June 15, 2026); Dkt. 28 (motion for leave filed on July 20, 2026). That is a reasonable period of time. *See Hughes v. Nat'l Football League*, No. 22-cv-10743 (JLR), 2023 WL 8039262, at *2 (S.D.N.Y. Nov. 20, 2023) (finding no undue delay where "four months elapsed from the time the motion to dismiss was fully briefed" and the motion to amend was filed).

Second, there is no evidence that the motion was made with any improper purpose. *See Compania Internacional*, 2012 WL 1856491, at *5 ("Courts define undue vexatiousness to mean that the plaintiff acted with ill-motive in bringing or maintaining its claims." (internal quotation marks and citation omitted)); *Banco Cent. de Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-cv-09649 (JFK), 2006 WL 3456521, at *5 (S.D.N.Y. Nov. 30, 2006) ("Courts find ill-motive where, for example, the plaintiff never had any intention of providing discovery in the case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its

charges without having to support them." (alteration adopted) (internal quotation marks and citation omitted)). Fractal appears to have reviewed the motion for judgment on the pleadings and moved to withdraw the claim based on the arguments raised therein. *See, e.g.*, *Probiv v. PayCargo LLC*, No. 22-cv-02907 (HG) (JRC), 2023 WL 159788, at *3 (E.D.N.Y. Jan. 11, 2023) (granting dismissal of plaintiff's claim without prejudice where "[p]laintiff diligently withdrew his . . . claim promptly upon reviewing [d]efendants' motion"). Courts routinely grant motions to amend in such cases despite defendants having spent "time and resources" to file dismissal motions. *See, e.g.*, *Hughes*, 2023 WL 8039262, at *2-4 (denying as moot defendant's pending motion to dismiss and granting plaintiff's motion for leave to file a second amended complaint). The Court acknowledges Veea's argument that Fractal should have investigated the maintenance status of the '399 Patent before filing suit, Opp. at 7, but while that argument may bear on the reasonableness of Fractal's pre-suit investigation, it does not, on the present record, establish that Fractal acted with ill motive in bringing its claim.

As to the third and fourth *Zagano* factors, this case is in an early procedural posture. "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cnty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-cv-02237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). Here, discovery is in its early stages, no claim construction briefing has been filed, and no trial date has been set. *See, e.g.*, *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-cv-05393 (KMW), 2018 WL 1115517, at *4 (S.D.N.Y. Feb. 26, 2018) (granting dismissal of claims without prejudice notwithstanding that case had been "pending for almost twenty months, and summary judgment motions [we]re fully briefed"); *Compania Internacional*, 2012 WL 1856491, at *6-7 (finding no significant prejudice where

defendants had moved for summary judgment and incurred "over $600,000 in legal fees"). Even if Fractal were to attempt to assert Count 2 in another lawsuit, "Defendant[] w[ould] not suffer significant duplication of [its] efforts because [it] ha[s] already researched and prepared a motion to dismiss that claim" on the pleadings. *Probiv*, 2023 WL 159788, at *3.

The final *Zagano* factor, the adequacy of Fractal's explanation, also appears to weigh in Fractal's favor. Fractal indicates that it brought this motion "in good faith" to "streamlin[e] the litigation and conserv[e] judicial and party resources." Br. at 4. The Court deems this a sufficient justification, but in any event, "this final *Zagano* factor . . . [']is alone not dispositive' and 'any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors.'" *Am. Fed'n*, 2013 WL 2391713, at *5 (quoting *Benitez*, 2012 WL 3249417, at *2).

Finally, the Court notes that Veea does not argue that it would be prejudiced by this amendment. Rather, its prejudice argument is limited to Fractal's amendments to Count 1, Opp. at 9, which the Court turns to next.

**B. The Count 1 Amendments Concerning the VeeaHub STAX**

Fractal's proposed First Amended Complaint also adds allegations concerning the VeeaHub STAX system (the "STAX") to Count 1. The Court finds that granting leave to amend is likewise appropriate here.

In opposing amendment, Veea contends that the STAX was not specifically identified in the Complaint or in Fractal's June 29, 2026 infringement contentions. *Id.* It further represents, and Fractal does not meaningfully dispute, Reply at 5, that the public materials on which Fractal relies for its proposed amendment were available before this action was filed. Opp. at 8. Those facts undermine Fractal's characterization of the proposed changes as mere clarification of allegations already pleaded. Br. at 5 ("Because those [new] theories concern the same patent, the

same asserted claim, and the same accused product already at issue, they require no new discovery of any consequence and cannot conceivably surprise or disadvantage Veea.").

But because Fractal moved within the operative amendment deadline, the dispositive question is not whether Fractal could have located the relevant information sooner. Under Rule 15, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (omission and alteration adopted) (citation omitted); *see Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995) ("Delay alone unaccompanied by such a 'declared reason' does not usually warrant denial of leave to amend."); *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03-cv-10254 (JFK), 2006 WL 2786081, at *1 (S.D.N.Y. Sept. 26, 2006) ("Mere delay, unaccompanied by an additional basis for denial, does not warrant denying a request for leave to amend."). In assessing undue prejudice, courts "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Those considerations do not compel denial here. This is Fractal's first amendment. Substantial fact discovery remains to be conducted, and the existing case schedule contemplates further discovery after claim construction as well as a later opportunity to amend infringement contentions. *See* Scheduling Order, Ex. A. There has been no request for dismissal on the merits as to Count 1, no trial date is imminent, and Veea does not identify completed discovery that must be duplicated or discarded because of the STAX allegations.

Veea instead argues that permitting the amendment will require additional discovery concerning an additional accused product or system. Opp. at 9. Though that is a cognizable

burden, *see Block*, 988 F.2d at 350, it is not, on this record, undue prejudice. The new allegations concern the same surviving patent, the same asserted claim, and the same infringement count already in the action. Fractal further asserts that the STAX constitutes hardware on which the previously accused VeeaONE platform operates. Reply at 5. Whatever additional discovery is warranted can be conducted within the existing pretrial process without the sort of duplication, disruption, or substantial delay that would justify denying leave.

* * *

Considering the record as a whole and Rule 15(a)(2)'s liberal amendment policy, the Court grants Fractal leave to file the proposed First Amended Complaint.[2]

## III. Veea's Request for Attorney's Fees and Costs Is Denied Without Prejudice

In its opposition brief, Veea requests attorney's fees associated with defending Count 2 pursuant to 35 U.S.C. § 285 ("Section 285"), as well as costs under Rule 54(d). Opp. at 9-11. The request is denied without prejudice.

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Prevailing-party status therefore is a prerequisite to an award. "[I]n identifying a prevailing party, [the court] must consider whether the district court's decision effects or rebuffs a plaintiff's attempt to effect a material alteration in the legal relationship between the parties." *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (internal quotation marks and citation omitted). Federal Circuit precedent is particularly instructive on that point. In *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d

[2] The Court's ruling grants leave to file the proposed First Amended Complaint and accompanying claim chart only. To the extent the adopted amendments require Fractal to supplement its separately served Disclosure of Asserted Claims and Infringement Contentions, such supplementation is governed by Rule 26(e), Local Patent Rule 9, and the applicable provisions of the Scheduling Order.

1348 (Fed. Cir. 2007), the Federal Circuit held "that a plaintiff's voluntary dismissal without prejudice . . . does not bestow 'prevailing party' status upon the defendant." *Id.* at 1353. The court reasoned that such a dismissal "does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *Id.*; *see also Giesecke & Devrient GmbH v. United States*, No. 2022-2002, 2024 WL 3171658, at *3 (Fed. Cir. June 26, 2024) (affirming denial of fees under Section 285 where lower court "granted [plaintiff] leave to file a second amended complaint and dismissed the withdrawn claims without prejudice").

So too here. By granting leave to amend, the Court is not entering judgment for Veea on Count 2 and is not adjudicating that count on its merits. The present order therefore does not make Veea a prevailing party entitled to fees under Section 285. For the same reason, Veea's request for costs under Rule 54(d)(1) is premature. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the *prevailing party*." (emphasis added)).

Moreover, the procedural deficiencies in Veea's fee request provide an independent basis for denial. Rule 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). That motion must, among other requirements, "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). Here, Veea seeks fees in a section of its opposition brief and offers no amount or estimate. Its request is therefore procedurally improper.

That said, the Court is mindful that, in an appropriate case, it may, "in its discretion, . . . impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 56 (2d Cir. 2019)

(citation omitted). However, no such condition is warranted here. Fractal moved within the amendment deadline established by the Court, and, for the reasons already explained, Veea has not demonstrated the degree of prejudice that would warrant shifting its litigation expenses as the price of amendment.

Accordingly, Veea's request for attorney's fees and costs is denied without prejudice to a properly supported application at the appropriate time, should Veea ultimately obtain prevailing-party status or otherwise establish a lawful basis for such relief.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file a First Amended Complaint, Dkt. 28, is GRANTED. Plaintiff shall file its First Amended Complaint and accompanying amended claim chart by **August 18, 2026**. Because the First Amended Complaint supersedes the original Complaint and no longer asserts Count 2 or any claim arising from the '399 Patent, Defendant's Motion for Partial Judgment on the Pleadings as to Count 2, Dkt. 25, is DENIED as moot. Defendant's request for attorney's fees and costs is DENIED without prejudice to renewal at a later time should the requirements for such relief be satisfied.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 25 and 28.

Dated: August 14, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge